UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAJIV P. RAMJAS,

                          Plaintiff,

          -against-

TAMARA KERSH, ET AL.,

                          Defendants.

25-CV-9443 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brought this action *pro se*. By order dated November 19, 2025, the Court transferred this action to the United States District Court for the Eastern District of New York. (ECF 5.) On December 1, 2025, the Clerk of Court electronically transferred the action to the Eastern District, and the Eastern District acknowledged receipt of the action on December 2, 2025. The following day, December 3, 2025, Plaintiff filed a Notice of Motion (ECF 7) and Declaration (ECF 8) in which he appears to challenge the Court's November 19, 2025 transfer order. For the reasons set forth below, the Court lacks jurisdiction to consider Plaintiff's motion.

**DISCUSSION**

The transfer of an action divests the transferor court of jurisdiction over that action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of the transferred action). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the

decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this action on December 2, 2025. Plaintiff filed his submissions on December 3, 2025, after the transfer had already taken effect. The transfer of this action divested this Court of jurisdiction to act in this matter once it was received by the transferee court. The Court must therefore deny Plaintiff's motion because the Court lacks jurisdiction to consider it.

## CONCLUSION

Because the Court lacks jurisdiction to act in this matter, the Court denies Plaintiff's motions (ECF 7). This matter remains closed in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 10, 2025
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
